UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PARAMJIT S.[1],

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No. 1:26-cv-00654-TLN-CSK

**ORDER**

This matter is before the Court on Petitioner Paramjit S.s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). Respondents submitted a single brief opposing injunctive relief and seeking to dismiss the Petition. (ECF No. 8.) Respondents had no objection to the Court ruling on the merits of the Petition. (*Id.* at 2.) Petitioner did not respond. For the reasons set forth below, the Petition is GRANTED.

///

///

[1]    As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL BACKGROUND

Petitioner is a national of India and an asylum applicant in the United States.  (ECF No. 2 at 4.)  On September 16, 2013, Petitioner came to the United States to seek asylum and was apprehended by the U.S. Department of Homeland Security ("DHS").  (ECF No. 2-2 at 3.)  On September 26, 2013, DHS issued a Notice to Appear to Petitioner and instituted removal proceedings against him.  (ECF No. 2-3.)  On December 23, 2013, Petitioner was released on bond.  (ECF No. 2-2 at 4.)  The notice of release stated that Petitioner was "released from . . . custody pending a final decision in [his] exclusion/deportation hearing."  (*Id.*)  Petitioner's removal proceedings are ongoing. (*See* ECF No. 2 at 3.)

For over twelve years since his release, Petitioner has resided in the United States.  (*See id.* at 2.)  During that time, Petitioner asserts he has complied with the conditions of his release and completed his asylum application.  (*Id.*)

On July 29, 2025, Petitioner was detained by immigration authorities without notice or hearing.  (*Id.* at 3, 6.)  Petitioner was then detained for six months without a post-deprivation hearing.  (*Id.* at 6.)

Petitioner challenges the lawfulness of his civil detention. (*See* ECF No. 2.)  On February 2, 2026, this Court found Petitioner was likely to succeed on his claims that his detention violated the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause. (ECF No. 9.)  Consequently, the Court issued a TRO requiring Petitioner's release and restraining Respondents from re-detaining Petitioner absent compliance with constitutional due process. (*Id.*)  The Court now considers the Petition on the merits.

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

2

Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.   ANALYSIS**

Petitioner claims his detention violated the INA and the Fifth Amendment Due Process Clause.[2]  The Court addresses each claim in turn.

A.   Immigration and Nationality Act

Petitioner argues that Respondents failure to provide him an individualized bond hearing violated the INA, 8 U.S.C. § 1226(a).  (ECF No. 2 at 4.)  Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[3]  (ECF No. 8 at 2.)

Under the INA, 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Section 1226(a) provides the Government broad discretion whether to release or detain the individual and it provides several layers of review for an initial custody determination.  *Id.*  It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.  Conversely, 8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and it does not provide for a bond hearing.

---

[2]   Petitioner also claims Respondents violated the Administrative Procedures Act and the INA's implementing regulations, however, the Court need not address these additional claims as the Court finds relief warranted under the Fifth Amendment and INA claims.

[3]   In the alternative, Respondents requested the Court hold this matter in abeyance until the Ninth Circuit rules on *Rodriguez Vasquez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025), which may have precedential effect on one of the issues in case.  (ECF No. 8 at 2.)  The Court declines to hold this case in abeyance.  As this Court has said previously, it will not delay issuing relief on the prospective chance a pending appeal could change the outcome of one claim.

Until DHS changed its policy in July 2025, the Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

The vast majority of courts across this Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2) to noncitizens like Petitioner who immigration authorities release into the United States pending a decision on their removal proceedings. *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position and collecting cases); *see also Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (issuing vacatur of unlawful DHS July Policy for a nationwide certified class). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

For these reasons, the Court finds Petitioner is not an "applicant for admission" subject to mandatory detention under § 1225(b)(2). Rather, Petitioner is subject to the general proceedings under § 1226(a) and the due process required under that statute, including a bond hearing at minimum. Respondents did not provide any such hearing. Thus, Respondents violated the INA when they detained Petitioner for six months without a bond hearing.

### B. Fifth Amendment Due Process Clause

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d

4

976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  These due process rights extend to immigration proceedings and detention.  *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### i.  Liberty Interest

As for the first step, the Court finds Petitioner has established a protectable liberty interest.  *See Rico-Tapia v. Smith*, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause").  "[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release]."  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting *Morrissey*, 408 U.S. at 482) (modifications in original).  "Accordingly, a noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody."  *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025).  To determine whether an individual's conditional release rises to the level of a protected liberty interest, courts have "compar[ed] the specific conditional release in the case before them with the liberty interest in parole as characterized by *Morrissey*."  *R.D.T.M. v. Wofford*, No. 1:25-cv-01141-KES-SKO, 2025 WL 2617255, at *3 (E.D. Cal. Sept 9, 2025).

Here, Petitioner gained a liberty interest in his continued freedom after he was released from custody in 2013, over twelve years ago.  (ECF No. 2-2 at 4.)  Under *Morrisey*, this release implied a promise that he would not be re-detained, during the pendency of his immigration

5

proceedings, if he abided by the terms of his release.  Petitioner asserts he complied with the conditions of his release including regularly attending ICE check-ins as required.  (ECF No. 2 at 2.)  Respondents do not dispute Petitioner's compliance.  (*See* ECF No. 8.)  As this Court has found previously, along with many other courts in this district when confronted with similar circumstances, Petitioner has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings.  *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

In opposition, Respondents argue Petitioner has no liberty interest because his detention is mandated by statute.  (ECF No. 8 at 2.)  However, as the Court found above, Petitioner is not an application for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2), rather he is subject to § 1226(a).  Moreover, "Petitioner's rights are not limited to those laid out by statute." *Mohammed v. Warden of California City Det. Ctr.*, No. 1:26-CV-00118-DJC-CSK, 2026 WL 192368, at *2 (E.D. Cal. Jan. 26, 2026) (citing *Nielsen v. Preap*, 586 U.S. 392, 420 (2019)); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (citing *Bd. of Pardons v. Allen*, 482 U.S. 369, 371 (1987)) ("Governmental actions may create a liberty interest entitled to the protections of the Due Process Clause.")

Thus, Petitioner maintains his protected liberty interest protected by due process. The Court next turns to the procedural safeguards that were owed to Petitioner.

<em>ii.   Procedures Required</em>

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  As set forth below, the Court finds Petitioner has established his due process rights were likely violated.

First, Petitioner has a substantial private interest in remaining free from detention.  As

6

discussed above, Petitioner was out of custody for over eleven years.  (ECF No. 2 at 2.)  Despite his interest in maintaining his liberty, Petitioner was detained for six months without any notice or opportunity to be heard.  (*Id.* at 3, 6.)  Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention.  *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any hearing, either pre- or post-detention.  Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions."  *Hernandez*, 872 F.3d at 994; *see also R.D.T.M.*, 2025 WL 2617255, at *4 ("Civil immigration detention, which is nonpunitive in purpose and effect is justified when a noncitizen presents a risk of flight or danger to the community.") (cleaned up).  Here, Petitioner's appeal is pending and there is no final order of removal.  (*See* ECF No. 2 at 3.)  Respondents only argument in opposition is that Petitioner should be detained by statute.  (*See* ECF No. 8.)  Respondents do not assert that Petitioner is a danger or a flight risk, and they do not dispute that Petitioner complied with the conditions of his release.  (*See id.*)  Thus, the Court finds there is a serious likelihood Petitioner could be erroneously deprived of his liberty interest.  Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high.  *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the Government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal.  *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025).  The cost and time of procedural safeguards are minimal here.  Notice and custody determination hearings are routine processes for Respondents.  Indeed, they are the very processes required under 8 U.S.C. § 1226(a).  Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal.  It would also be less of a fiscal and administrative burden for Respondents to return Petitioner

7

home to await a determination on his immigration proceedings than to continue to detain him. *See Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) ("[T]he Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").

The Court finds that, under these circumstances, Respondents were required to provide notice and a pre-deprivation hearing.  The United States Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original).  The Court describes post-deprivation remedies as the "special case" where those are "the only remedies the State could be expected to provide." *Id.* at 129.  Respondents have not provided any substantive opposition to the contrary, nor do they argue that Petitioner should be a "special case."  (*See* ECF No. 8.)

Respondents did not provide either notice or a pre-deprivation hearing.  (ECF No. 2 at 3, 6.)  Nor did Respondents provide a post-deprivation hearing for six months.  (*Id.*)  Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

**IV.   CONCLUSION**

Accordingly, the Court GRANTS the Petition.[4]   IT IS HEREBY ORDERED:

1.  Respondents' Motion to Dismiss (ECF No. 8) is DENIED.

2.  The Petititon for Writ of Habeas Corpus (ECF No. 2) is GRANTED.

3.  To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing

---

[4]   Petitioner also requested an order for attorney's fees and costs under the Equal Access to Justice Act.  (ECF No. 2 at 21.)  The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.  Respondents are further ENJOINED AND RESTRAINED from imposing additional restrictions on Petitioner's terms of release, unless such restrictions are determined to be necessary at a pre-deprivation/custody hearing.

4.  The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: February 26, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE